IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNNY LACY,

                ORDER
       Plaintiff,

                12-cv-397-bbc

    v.

DR. SCOTT A. HOFTIEZER, JAMES GREER,
DR. DAVID BURNETT and DR. BURTON COX,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Plaintiff Johnny Lacy, a prisoner at the Wisconsin Secure Program Facility, brought this civil action alleging that defendant prison officials, Dr. Scott Hoftiezer, James Greer, Dr. David Burnett and Dr. Burton Cox, have acted with deliberate indifference by failing to adequately treat his hepatitis C, diabetes and severe pain.  In an October 21, 2013 order, I granted summary judgment to defendants.  Dkt. #68.  Judgment was entered the next day. Dkt. #69.

   Now plaintiff has filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), which the court received on November 27, 2013, which was more than 28 days after judgment was entered.  Under Rule 59(e) plaintiff had only 28 days from the judgment to file his motion, and the court is forbidden from extending this time period.  Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under [Rule] 59(b), (d), and (e).") I must deny his motion to file a late Rule 59 motion.

1

However, plaintiff's motion reveals a twist: he states that he placed his Rule 59 motion in the prison's mail stream much earlier, and attaches an envelope (postmarked October 30, 2013, well within his 28-day deadline) showing that his attempt was returned by the post office for plaintiff's failure to properly identify the recipient. The address section of the envelope is obscured by the post office's forwarding stickers, so I cannot tell from the electronic record whether the need to return the mail was plaintiff's fault or the post office's.

In any case, even assuming that the delay in filing the Rule 59 motion was the post office's fault rather than plaintiff's, I would deny the motion because plaintiff does not raise any issues persuading me that the various rulings made in this case were correct, including the granting of summary judgment. Sigsworth v. City of Aurora, 487 F.3d 506, 511–12 (7th Cir. 2007) (Rule 59(e) allows court to alter or amend judgment only if plaintiff demonstrates manifest error of law or presents newly discovered evidence).


ORDER

IT IS ORDERED that

(1) Plaintiff Johnny Lacy's motion to file a late motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), dkt. #70, is DENIED.

(2) Plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), dkt.

2

#71, is DENIED.

Entered this 10th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge