IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNNY LACY,

                                      ORDER

               Plaintiff,

                                    12-cv-397-bbc

     v.

DR. SCOTT A. HOFTIEZER, JAMES GREER,
DR. DAVID BURNETT and DR. BURTON COX,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on October 22, 2013, after defendants prevailed on their motion for summary judgment. On January 10, 2014 I denied plaintiff Johnny Lacy's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) because he failed to raise any persuasive argument to support his assertion that the summary judgment ruling was incorrect. Now plaintiff has filed a motion for reconsideration of the January 10 order along with a notice of appeal "under the threat of imminent danger" and a request for leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

      Turning first to plaintiff's motion for reconsideration of the January 10 order, I will deny this motion because it fails to identify any grounds that would properly justify relief under Fed. R. Civ. P. 59(e) or 60(b). Plaintiff does not explain in any detail why the summary judgment order was incorrect even after I denied his previous Rule 59 motion for the same reason.

1

Next, regarding plaintiff's notice of appeal, I note that the Court of Appeals for the Seventh Circuit has already directed plaintiff to prepay the entire $505 filing fee for his appeal due to his three-strike status. Dkt. #77. Following that order, plaintiff filed a request for leave to proceed in forma pauperis appeal, which the court of appeals forwarded to this court for consideration.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff has accumulated the following three strikes: Lacy v. Buchler, No. 93-C-889 (E.D. Wis. Aug. 1, 1994); Lacy v. McCaughtry, No. 93-C-657 (E.D. Wis. May 4, 1994); Lacy v. Malloy, No. 93-C-944 (E.D. Wis. June 10, 1994).

Because plaintiff has accumulated three strikes, he cannot file any new lawsuit or an appeal without prepaying the filing fee so long as he is incarcerated unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case; the facts adduced by the parties at summary judgment showed that plaintiff is receiving appropriate medical treatment for his hepatitis C, diabetes and severe pain. Almond v. Pollard, 443 F. App'x 198, 201 (7th Cir. 2011) ("an abundance of evidence presented during the lawsuit refuted Almond's claim that his back pain was being ignored, so the court should not have credited his assertion of imminent danger [on appeal] and allowed him to skirt the three-strikes bar."). Therefore, plaintiff cannot take advantage of the initial partial payment

2

provision of § 1915. He owes the $505 appellate filing fee in full immediately.

Plaintiff may delay payment of the $505 fee under one circumstance: if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that plaintiff should be allowed to proceed in forma pauperis, this court will determine how to proceed with calculation and payment of an initial partial payment of the filing fee. If the court of appeals determines that this court was correct in finding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $505 filing fee payment will be due in full immediately. In any event, plaintiff is responsible for insuring that the required appeal fee is remitted to this court at the appropriate time.

ORDER

IT IS ORDERED that

1. Plaintiff Johnny Lacy's motion for reconsideration, dkt. #73, is DENIED.

2. Plaintiff's requests for leave to proceed in forma pauperis on appeal, dkt. ##78, 82, are DENIED because three strikes have been recorded against plaintiff under 28 U.S.C. § 1915(g).

3. The clerk of court shall insure that plaintiff's obligation to pay the $505 is

reflected in this court's financial records.

Entered this 8th day of April, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge